# In the United States Court of Federal Claims

No. 23-281
Filed: March 27, 2023

---

**JAVIER MANDRY**

               *Plaintiff*,

**v.**

**THE UNITED STATES,**

               *Defendant.*

---

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

Pro se Plaintiff Javier Mandry ("Mr. Mandry")[1] brings this action seeking $5 million in damages and other relief. (Compl. at 1, 3, ECF No. 1; Civil Cover Sheet at 1, ECF No. 1-1). Mr. Mandry's allegations are extensive, but the Court understands Mr. Mandry to allege that the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA Act")[2] improperly allocated Puerto Rican taxpayer funds and violated Puerto Ricans' constitutional rights. Pub. L. 114–187, 130 Stat. 549–610 (2016); (*Id.* at 1, 3). Mr. Mandry also alleges the District Court for the District of Puerto Rico and the Court of Appeals for the First Circuit improperly dismissed or stayed his claims. (*Id.* at 8–11). None of Mr. Mandry's claims establish subject-matter jurisdiction. Accordingly, the Court dismisses Mr. Mandry's Complaint under RCFC 12(h)(3).

Determining whether the Court has jurisdiction is a threshold inquiry in every case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act establishes this Court's jurisdiction for claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Generally, pro se plaintiffs are held to "less stringent standards" than those of professional lawyers, but such leniency does not extend to jurisdictional issues.

---

[1] Mr. Mandry is also known as Javier E. Mandry-Mercado as shown in previous court filings. (Ex. at 1, ECF No. 1-2).

[2] The PROMESA Act provides the Government of Puerto Rico with access to resources and tools needed to address its debt crisis. §§ 101(a), 405(n), 130 Stat. at 553, 591.

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Court may excuse a complaint's ambiguities in favor of liberal claim construction, however, there is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011); *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015). A pro se plaintiff is still required to establish the Court's jurisdiction by pleading claims that satisfy the Tucker Act. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (determining proceeding pro se does not relieve plaintiffs from burden to demonstrate jurisdiction by a preponderance of the evidence). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

As an initial matter, Mr. Mandry asserts that "he has legal capacity to represent the Commonwealth of Puerto Rico" in claims related to taxpayer funds under the PROMESA Act and Puerto Rican statehood. (Compl. at 3). Mr. Mandry brings a laundry list of claims on behalf of himself and "other Puerto Ricans." (*See generally id.*). Under RCFC 83.1, a pro se plaintiff may only represent himself.[3] *See, e.g., Fast Horse v. United States*, 101 Fed. Cl. 544, 547–48 (2011) (barring claims brought by pro se plaintiff predicated upon tribal kinship). The Commonwealth of Puerto Rico and other unnamed Puerto Ricans do not satisfy the requirements of RCFC 83.1; therefore, any claims brought on their behalf, such as under the PROMESA Act, are barred by this Court's rules. *Id.* Accordingly, the Court will only address Mr. Mandry's personal claims.

First, Mr. Mandry alleges that Congressional inaction on the Puerto Rican statehood referendum and PROMESA Act constitute a taking under the First and Fourteenth Amendments. (Compl. at 13). The Court reads these allegations liberally to implicate the Petitions Clause of the First Amendment, the Takings Clause of the Fifth Amendment, and the Due Process and Equal Protection clauses of the Fourteenth Amendment. *See Lengen*, 100 Fed. Cl. at 328. The First and Fourteenth Amendment provisions are not money-mandating. *Hawkins v. United States*, 748 F. App'x 325, 326 (Fed. Cir. 2019) ("[T]he Due Process and Equal Protection Clauses of the Fourteenth Amendment are not sources of substantive law that create the right to money damages, i.e., are not money-mandating."); *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013) ("[T]he Petition Clause of the First Amendment . . . and the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not mandate the payment of money by the government for violations."). Therefore, this Court lacks jurisdiction over Mr. Mandry's First and Fourteenth Amendment claims, and the Court will address only the claims tethered to the Fifth Amendment.

---

[3] A limited exception exists under RCFC 83.1 for representation of immediate family members. *But see Ricks v. United States*, 159 Fed. Cl. 823, 824 n.1 (2022) (noting the disadvantages of familial representation under RCFC 83.1); *see also Kogan v. United States*, 107 Fed. Cl. 707 (2012) (discussing issues of confidential communications and attorney-client privileges related to representation by spouse under RCFC 83.1(a)(3)).

A plaintiff alleging a takings claim "must show that the United States, by some specific action, took a private property interest for public use without just compensation." *Arbelaez v. United States*, 94 Fed. Cl. 753, 762 (2010) (internal quotations and citations omitted). Although the Fifth Amendment's Takings Clause is a money-mandating source of law for purposes of Tucker Act jurisdiction, *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008), Mr. Mandry is still required to plead his claim by a preponderance of evidence. *McNutt*, 298 U.S. at 189. Here, Mr. Mandry fails to do so. Instead, he recites a speech by President Harry Truman, quotes statutory language, and reiterates that Congress did not certify the statehood election—none of which shows the United States took his private property for public use. (Compl. at 13–17). Because he fails to meet the elements necessary to plead a takings claim, this Court lacks jurisdiction. *See Parker v. United States*, 93 Fed. Cl. 159, 163 (2010) (invocation of the Fifth Amendment in "general and conclusory statements," with "no factual allegation or substantiating information" is insufficient to establish a valid takings claim).

Second, Mr. Mandry alleges that the District Court of the District of Puerto Rico and First Circuit improperly dismissed or stayed his claims, and the courts are improperly ordering status report filings and issuing subpoenas. (Compl. at 8–11). The first case Mr. Mandry cites, *Mandry-Mercado v. Consejo de Titulares Condminio el Senorial.*, No. 16-1314, 2017 WL 2729567 (D.P.R. June 26, 2017), involves a condominium homeowner's association ("HOA") dispute that the court dismissed for failure to state a claim upon which relief may be granted because Mr. Mandry raised constitutional challenges. The dismissal is currently stayed while on appeal before the First Circuit. (Ex. at 1–20, ECF No. 1-2). Mr. Mandry's second-cited case is *Mandry-Mercado v. Fingerhut-Mandry*, No. 16-2229, 2017 WL 5152177 (D.P.R. Jan. 26, 2017), which was dismissed because it alleged a conspiracy to deny him the right to defend his property rights. It is well-settled law that this Court lacks subject-matter jurisdiction to review the judicial decisions of other courts. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (the Court "cannot entertain . . . claim[s] that require[ ] the court to scrutinize the actions of another tribunal.") (internal citation omitted); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (the Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Accordingly, the Court lacks jurisdiction over these claims.

Finally, Mr. Mandry seeks relief that is beyond this Court's authority. Mr. Mandry seeks injunctive relief to "initiate annexation timeline to convert the territorial government of Puerto Rico to the [fifty-first] state" and to "force the United States to comply with its contractual obligations related to the referendum issue[.]" (Compl. at 27). The Court does not have authority to award injunctive or declaratory relief when it is not directly collateral to award of money damages. *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) Similarly, Mr. Mandry requests injunctive relief for all cases under the PROMESA Act and to stop discrimination against Puerto Ricans. (Compl. at 27–28). Again, such authority does not exist within this Court. *See Joshua*, 17 F.3d at 380; *Caravetta v. United States*, 122 F. App'x 992, 993 (Fed. Cir. 2004) (finding the Court lacks jurisdiction over Civil Rights Act claims).

For the stated reasons, Mr. Mandry's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3) and Mr. Mandry's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge